PATRICK BYRNE, PLAINTIFF-APPELLEE, v. UNION STEVE-DORING CORPORATION, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.

Submitted January 21, 1941—Decided March 11, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the plaintiff-appellee, *Thomas E. Lynch* (*Morris F. Pearlman,* of counsel).

For the defendant-appellant, *Walter X. Trumbull.*

BROGAN, CHIEF JUSTICE. The defendant appeals from a judgment of the Hudson County Court of Common Pleas in favor of the plaintiff. The grounds of appeal are that the learned trial court erred in rejecting the defendant's motions, first, for a nonsuit at the end of the plaintiff's case and again for a directed verdict at the end of the whole case. A consideration of these points necessarily compels an examination of all the facts in proof.

It appears that the plaintiff, a longshoreman in the employ of the Manhattan Lighterage Company on one of the piers located at the foot of Henderson street in Jersey City, was injured on July 19th, 1938. The defendant, Union Stevedoring Corporation, through its servants and agents, was engaged in sending bales of rugs from the upper to the lower level of the pier by dispatching them down a steel chute. The plaintiff worked on the lower level of the pier and his duty at the time was to load the bales on a hand-truck. From the testimony offered in behalf of the plaintiff the jury might legitimately have found the following: At the time of the happening the plaintiff was loading bales of rugs weighing from 300 to 400 pounds at the exit of number 6 chute on Pier F; that an employe of the defendant was working on the upper level of the pier and depositing bales of rugs in the chute to get them to the lower level; that such employe had a clear view of the lower level from the vantage point above for a radius of ten to fifteen feet from the bottom of the chute; that the plaintiff had taken hold of a bale that had come down the chute and had turned to the right away from the chute to put it on a hand-truck when another bale came off the chute, struck and injured him; that there were two or three bales on the chute at the time and that the one last dispatched from above had caused one of the bales in the chute to be projected against him; that prior to moving the bale on which he was working he had looked up the chute to ascertain if there was anyone above at the mouth of the chute about to start or send down another bale of rugs and that there was no one in sight at the time; that he received no warning or signal from the upper level; that at the time of the injury he was standing at least two feet away from the bottom of the chute and the same distance to the side. Such

was the state of the proof at the close of the plaintiff's case.

Bearing in mind that on motions for nonsuit the trial court is obliged to consider the testimony produced by the plaintiff in the light most favorable to him, together with all legitimate inferences that such testimony might support, it was not error to have denied the motion to nonsuit.

From the proof offered by the defendant it appeared that the workmen who sent bales of merchandise into the chute sometimes shouted a warning to those below and sometimes they did not; that the defendant's employe who pushed these bales into the chute at the upper level saw the plaintiff on this occasion working at the bottom of the chute. These were the words of that witness: "At all times he [the plaintiff] was plainly to be seen down there;" that the defendant's workman did not know whether he shouted a warning or not; that the bale he sent down weighed between 300 and 350 pounds. From all this it is clear that the jury might properly have concluded that although defendant's employe saw the plaintiff at or near the chute exit, nonetheless he sent the bale of rugs down and gave no warning of its approach. In these circumstances there was ample proof to support the charge of negligence and whether or not the defendant was guilty thereof by failing to exercise that degree of care which normally a prudent man would employ under like conditions was a question of fact for the jury. To the argument that the plaintiff was guilty of contributory negligence as a matter of law little need be said. There was no proof of conduct on the plaintiff's part to permit one to conclude that he was reckless of the danger of the employment. The jury could have found—as probably they did—that the plaintiff looked to the upper level before turning to the job at hand; and they also might have concluded that since the plaintiff was in plain view of the person sending heavy bales down the chute from the upper level that it was not unreasonable for the plaintiff to expect a warning cry whether it was a custom so to do or not. Compare *Albanese, &c.,* v. *Central Railroad Co.,* 70 *N. J. L.* 241. It was not error to refuse to direct a verdict for the defendant on the theory that plaintiff was guilty of contributory negligence.

The judgment should be affirmed.